This next case up is 412-0936, Campbell v. Walker, the parents of Mr. Schroeder. On behalf of the appellant, Mr. Schroeder, you may proceed, sir. May it please the court. The underlying principle in this case is one of fundamental fairness. This case began in 1986 when Carolyn Campbell filed a petition for child support for her child, Marquise Johnson, who was born in 1984. Paternity tests were taken and Mr. James Walker was determined beyond any reasonable doubt to be the father of the child. Carolyn Campbell then, against the advice of counsel, dismissed her petition. And then in June of 1994, I'm sorry, 1996, she filed another petition for determining paternity and payment of child support. Judge Clem, in his order of March 12, 1998, found specifically in paragraph G that there had been intimidation. Intimidation is my word. But he found that Mr. Walker had used his influence as the supervisor of Carolyn Campbell to get her to dismiss her initial petition. The result of that was that in Judge Clem's order of June 10, 1998, he awarded retroactive child support from the date of filing her petition through July 16, 1996, in the amount of $54,240.15 based on the intimidation factor that Mr. Walker, he was convinced after trial that the intimidation in fact had occurred. The fact that his order was June 10, 1998 and he found the arrearage to be calculated through July 16, 1996 is important because that's when he determined that the arrearage ended and from that point on that current child support was being paid. And in fact, in 1996, in July, was when Mr. Walker began receiving Social Security disability and the government, the United Taxpayers, began paying his child support obligation as the child was his dependent at that time. And in hindsight, being 2020, a specific current child support order should have been entered at that time. But it wasn't. But it was not. We acknowledge that. And the reason we are here is because in 2005, the legislature introduced a new statute, actually three of them that are mirror images of each other under the Marriage and Dissolution of Marriage Act, under the Act of 1984 and the Income Withholding Act, that the language is essentially identical. That requires a periodic amount required to be paid for current support to continue if there is an arrearage more than 30 days old. And in this case, the court specifically found there was. Mr. Schroeder, what statute applies here? I believe that the Paternity Act of 1984. And is that 45 slash 14? Yes. The other thing I wanted to ask you about is this. So the way I understand it, once a person finally has their child support terminated based on age, of the child aging out, if there's an arrearage owed, they're supposed to keep paying the same amount they were ordered to pay as child support. That's correct. That's exactly right. And to me, the reason that I think there may be a distinction in this case is because if a person's been paying their child support, it kind of implies they have the ability to pay that amount. They've been paying it. They have the ability to pay that amount. Here, the money was actually coming from Social Security disability. It was $679 a month. So once the child aged out, there was no more disability payments to the child, yet your client still had the arrearage that needed to be paid. Well, if you set it at $679 a month and there's no income or just a small amount of disability income, to me that can justify the difference in treatment. What do you say to that? Okay. My response to that is that the Social Security disability payment is covered under the federal law where up to 55%, I believe in this case, could be garnished directly from the United States government to cover this. And the rest of my argument is that with all due respect to the prior trial court orders, the initial arrearage payment was $61 a month. It doesn't come anywhere near to even paying the interest on the $50,000. And as of a year ago, as indicated in the court record, the arrearage owed had swollen to over $127,000. What is the income of the respondent? I believe the record shows that he gets about $1,400 a month after $146 of federal tax lien that he has. And right now he's paying around $275 on the arrearage, so that's about 20% of what he nets, which is what a normal child support order for one child would be. How many children were there? One. Okay. And my argument is that he has essentially avoided his responsibility to pay since 1986, and that fundamental fairness requires that his feet be held to the fire. I'm not sure if I answered your question sufficiently. Yes, you did. We recognize, we admit, that there is no specific support order. If there was, it would be easy, because the statute is phrased in terms of shall. The word shall is mentioned 35 times in that particular statute. What we are urging on this court is that, and it's in the record, that the parties stipulated in the September 11, 2012 order recognizes that both parties agreed in writing that the Social Security payment constituted child support. And it was actually more than what he would have been ordered to pay if the child support was going to be based on what he was taking home. Would you agree to that? For a current support payment, yes. Under the statute, it would have been 20% of his take-home. Well, isn't he paying right now what the trial court found he reasonably is able to pay? What he is paying right now is a number set by the trial court September 11, 2012. Which was an amount based upon his income and based upon, I think, approximately 20% of his net, and which the trial court found he could reasonably make payment upon. I do not recall the court making a specific comment. Well, if you prevail and the court says it's 600 and some bucks, whatever it was, can't he then just say, I don't get that Social Security disability. I mean, I can't pay that much because my income doesn't allow me to pay that much, and it's set upon what went to the child based upon disability. Therefore, there's been a substantial change in circumstances, and we're right back in the circuit court with the circuit court making a determination what his net is and what he can reasonably pay, which is frankly where we are right now. That's my question. My response is that he would have been paying 20% if he had started paying what he should have back in 1984, and that the situation has changed. That 20% is not appropriate at this time because of the history. You're basically saying he deserves what he gets even if the court issues an order that he can't possibly make? I'm arguing that he deserves to sleep in the bed that he has made for himself. Finally, the final point of my argument is that even though there was not a specific order for child support payment that both parties and the court have acknowledged that the Social Security constituted child support, and we're asking not that there's nothing wrong with the statute. What we're asking is, as in these condominium cases, where as applied to the facts of this particular case, that we have the functional equivalent of an order that has been in effect since 1998. And what we are asking the court for is actually very straightforward, that 679 be considered as the amount of child support to be continued. Thank you, counsel. We'll take this meeting to an end.